J-S30009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS STEPHEN CUMMINGS, | |
| Appellant | No. 966 WDA 2017 |

Appeal from the Order Entered June 1, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011550-2003

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED AUGUST 07, 2018**

Appellant, Thomas Stephen Cummings, appeals from the order entered on June 1, 2017, that denied his "Motion to Enforce Plea Agreement Under Contract Law Principles" (hereinafter "the Motion"), in which he claimed that a lifetime registration requirement imposed upon him under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, violates the terms of his negotiated plea agreement.  After review, we vacate and remand for further proceedings.

Briefly, on July 19, 2004, Appellant pled *nolo contendere* to indecent assault (victim less than 13 years of age), 18 Pa.C.S. § 3126(a)(7).  That same day, he was sentenced to five years' probation.  Appellant was also

_____

[*] Retired Senior Judge assigned to the Superior Court.

subjected to a 10-year registration requirement under Megan's Law II. He did not file a direct appeal.

As the trial court explains,

[n]o further action was taken [by Appellant] until May 23, 2017, when [he] filed [the Motion]. Therein, [Appellant] asserted that he was notified in 2012 that his 10-year term of registration had been increased to lifetime registration with the passage of SORNA.[1] He provided no explanation for his failure to challenge the increased term at that time. Nevertheless, he asserted that the 10-year registration period was a term of his plea agreement and should therefore be enforced so that he could receive the benefit of his bargain.

Trial Court Opinion (TCO), 10/17/17, at 2.

On June 1, 2017, the trial court denied Appellant's motion. He filed a timely notice of appeal, presenting one issue for our review:

Did the trial court err in denying Appellant's "Motion to Enforce Plea Agreement [U]nder Contract Law Principles" given that at the time of his sentencing, the law required him to register for ten years, and given that as part of his plea agreement, he was required to register for ten years, but later, after the 2012 enactment of SORNA, he was directed to register for his lifetime, a directive now barred by the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189, 1208 (Pa. 2017)[,] which held that SORNA cannot be applied retroactively?

Appellant's Brief at 7.

---

[1] **See** 42 Pa.C.S. § 9799.14(d)(8) (requiring lifetime registration for an individual convicted of 18 Pa.C.S. § 3126(a)(7)); 42 Pa.C.S. § 9799.13(3)(i) (requiring any individual who had not completed his or her registration period under prior registration statutes as of SORNA's December 20, 2012 effective date to register and comply with SORNA). We recognize that SORNA was amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018.

In *Muniz*, our Supreme Court held that SORNA's enhanced registration provisions constitute criminal punishment and, thus, retroactive application of SORNA's registration requirements violates the *ex post facto* clause of the Pennsylvania Constitution. *Muniz*, 164 A.3d at 1218, 1223. In this case, it is undisputed that, under *Muniz*, applying SORNA to Appellant would constitute an *ex post facto* violation.[2] Therefore, we vacate the trial court's order denying the Motion and remand for the trial court to determine what, if any, registration requirements apply to Appellant.[3]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/07/2018

_____

[2] The trial court concedes that SORNA cannot be applied to Appellant, as he committed his crimes well before SORNA's enactment date. *See* TCO at 2. Thus, the trial court requests that we vacate its June 1, 2017 order denying the Motion and remand for further proceedings. *Id.* The Commonwealth has not objected to our remanding, as it has not filed a brief in this case.

[3] Based on the trial court's conceding that remand is appropriate, and the Commonwealth's lack of objection thereto, Appellant filed a "Motion to Remand" with this Court on January 16, 2018. In light of our disposition remanding his case, we deny his January 16, 2018 motion as moot.